J-S43036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN FRANKLIN WRIGHT, JR. | |
| Appellant | No. 1299 MDA 2015 |

Appeal from the PCRA Order July 9, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0000878-2005
CP-36-CR-0000883-2005
CP-36-CR-0000895-2005
CP-36-CR-0000947-2005
CP-36-CR-0001381-2005
CP-36-CR-0001834-2005

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                   **FILED JULY 22, 2016**

John Franklin Wright, Jr. ("Appellant") appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which denied his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. On July 26, 2005, Appellant pled guilty to multiple counts of delivery and possession with intent to deliver cocaine,[2] criminal use of a communication

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30).

facility,[3] possession of drug paraphernalia,[4] and possession of firearm prohibited.[5, 6] That same day, pursuant to the plea agreement, the court imposed an aggregate sentence of fifteen (15) to thirty (30) years' incarceration.[7]

On August 24, 2005, Appellant filed a notice of appeal. On March 22, 2006, this Court dismissed Appellant's appeal for failure to file a brief. He did not petition for allowance of appeal with our Supreme Court. On March 3, 2011, Appellant filed a PCRA petition, which the PCRA court ultimately dismissed as untimely on July 22, 2011. On November 9, 2012, this Court affirmed the order dismissing Appellant's first PCRA petition.

On June 24, 2014, Appellant filed the instant PCRA petition, his second. On July 2, 2014, the PCRA court appointed counsel. On October 20, 2014, counsel filed a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.1988) and ***Commonwealth v. Finley***, 550 A.2d

---

[3] 18 Pa.C.S. § 7512.

[4] 35 P.S. § 780-113(a)(32).

[5] 18 Pa.C.S. § 6105.

[6] His convictions stem from six separate incidents docketed at CP-36-CR-0000878-2006, CP-36-CR-0000883-2005, CP-36-CR-0000895-2005, CP-36-CR-0000947-2005, CP-36-CR-0001381-2005, and CP-36-CR-0001834-2005.

[7] Pursuant to the agreement, the United States Attorney's Office for the Eastern District of Pennsylvania agreed not to indict Appellant for federal drug charges.

213 (Pa.Super.1988) (*en banc*). On October 30, 2014, Appellant filed a *pro se* motion to amend his PCRA petition. On February 18, 2015, counsel filed a supplemental no-merit letter and sought to withdraw as counsel. On March 18, 2015, Appellant objected to counsel's no-merit letter. On April 21, 2015, Appellant filed a *pro se* memo in support of his PCRA petition.

On May 1, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition and grant counsel's motion to withdraw without a hearing. On May 18, 2015, Appellant filed a *pro se* motion to have his direct appeal rights reinstated *nunc pro tunc*. On July 10, 2015, the PCRA court dismissed Appellant's PCRA petition, denied his motion for *nunc pro tunc* relief as previously litigated, and granted PCRA counsel's motion to withdraw.

On July 23, 2015, Appellant filed a timely notice of appeal. Appellant and the PCRA court complied with Pa.R.A.P. 1925.[8]

Appellant presents the following issues for our review:

> Is the United States Supreme Court ruling within **Alleyne v. United**, 133 S.Ct, 2151, 186 L.Ed.2d 314 (2013), is a substantial issues and must be applied retroactive?

> Was the Lower Court's denial of PCRA relief in light of the Pennsylvania Supreme Court ruling within,

---

[8] On July 27, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal, and he timely complied on August 14, 2015. The PCRA court issued its opinion pursuant to Pa.R.A.P. 1925(a) on September 3, 2015, in which it incorporated its Pa.R.Crim.P. 907 notice opinion filed on May 1, 2015.

> ***Commonwealth v. Hopkins***, 117 A,3d 247, 2015 Pa, LEXIS 1282 (decided June 15, 2015) along with granting of Allocatur within ***Commonwealth v. Hareem Barnes***, 2015 Pa, LEXIS 2083 No, 350 EAL 2014, September 18, 2015 is without error?

Appellant's Brief at 4 (verbatim).

Before we address the merits of Appellant's claims, we must determine whether his PCRA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. ***Commonwealth v. Williams***, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." ***Id.*** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011); ***see also*** 42 Pa.C.S. § 9545(b). This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the

claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on April 21, 2006, when his time to petition for allowance of appeal with our Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3). Accordingly, he had until April 23, 2007 to timely file a PCRA petition.[9] *See* 42 Pa.C.S. § 9545(b)(1). He filed the present PCRA petition on June 24, 2014. Thus, his petition is

---

[9] Because April 21, 2007 fell on a Saturday, Appellant had until the following Monday, April 23, 2007, to timely file a PCRA petition. *See* 1 Pa.C.S. § 1908.

patently untimely and we must determine whether Appellant has pled and proved any of the exceptions to the PCRA time limitation. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Appellant attempts to invoke the constitutional right exception to the PCRA time-bar provided in § 9545(b)(1)(iii). He claims he received an illegal mandatory minimum sentence pursuant to **Alleyne v. United States**,[10] in violation of a constitutional right that was newly recognized by the United States Supreme Court. To qualify for an exception pursuant to § 9545(b)(1)(iii), however, Appellant must plead and prove that this new constitutional right has been held by the Supreme Court of the United States or the Supreme Court of Pennsylvania to apply retroactively. **See** 42 Pa.C.S. § 9545(b)(1)(iii). Because neither the Supreme Court of the United States nor the Supreme Court of Pennsylvania has held **Alleyne** to apply retroactively to matters on collateral appeal, **Alleyne** cannot provide Appellant with a time-bar exception, even if properly pleaded in his petition. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa.Super.2014). ("[N]either our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the

---

[10] ___U.S. ___, 133 S.Ct. 2151 (2013). In **Alleyne**, the Supreme Court of the United States held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155.

judgment of sentence had become final."). Further, Appellant did not file his PCRA petition within 60 days of the Supreme Court's decision in **Alleyne**. **See** 42 Pa.C.S. § 9545(b)(2) (petitions invoking exceptions must be filed within 60 days of the date the claim could have been presented).

Appellant attempts to overcome these jurisdictional hurdles by arguing that the United States Supreme Court held in **Montgomery v. Louisiana**[11] that all substantive rules are retroactive. Appellant's Brief at 10. Appellant filed his PCRA petition on June 24, 2014 and a *pro se* memo in support of his petition on April 21, 2015. Not only did Appellant fail to plead and prove his retroactive argument in his PCRA petition, it would have been impossible for him to have done so, because **Montgomery** was not decided until January 25, 2016.[12] Moreover, Appellant is misguided. In **Montgomery**, the Supreme Court of the United States held that **Miller v. Alabama**'s[13] prohibition on mandatory life without parole for juvenile offenders announced a new substantive rule that, under the constitution, must be applied retroactively. **See Montgomery** 136 S.Ct. at 732. It did not hold that all substantive rules are retroactive.

_____

[11] ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed 2d 599 (2016).

[12] Likewise, Appellant cannot plead and prove that the Supreme Court of the United States or the Supreme Court of Pennsylvania has held the right announced in **Alleyne** applies retroactively by citing to cases that have not been decided. **See** Appellant's Brief at 11.

[13] ___ U.S. ___, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

Because Appellant failed to plead and prove any of the statutory exceptions to the PCRA time limitation, the PCRA court correctly determined that it lacked jurisdiction to hear this untimely PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016